UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLARIDGE ASSOCIATES, LLC, JAMISCOTT, LLC, LESLIE SCHNEIDER, and LILLIAN SCHNEIDER,

                      Plaintiffs,

                      -v.-

ANTHONY SCHEPIS, FRANK CANELAS, RUTH CANELAS, and NORTHEAST CAPITAL MANAGEMENT, LLC,

                      Defendants.

15 Civ. 4514 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of the parties' submissions regarding the establishment of a deposition schedule (Dkt. #198, 200, 203), as well as Plaintiffs' motion to quash certain third-party subpoenas (Dkt. #199), and Defendants' opposition to Plaintiffs' motion to quash (Dkt. #204). The Court believes these issues can be resolved without a conference and addresses them in turn.

*First*, the Court adopts Plaintiffs' proposed deposition schedule. (*See* Dkt. #198). Although Defendant is correct that there is not significant overlap between the parties to the Connecticut arbitration and those to the instant litigation, Defendants' counsel had already proposed a similar schedule in January of this year, to which Plaintiffs agreed. (*See* Dkt. #198, Ex. F). Given the general delay of Defendants and their counsel in setting, and then attempting to alter, that schedule, the Court will resolve the issue by adopting a schedule similar to one to which counsel for the parties initially agreed.

Additionally, the Court declines to order that Defendants take the deposition of Plaintiffs' counsel at this time. The Court and the parties will address this issue if and when a trial date is scheduled and Plaintiffs' counsel is listed as a trial witness.

*Second*, Plaintiffs' motion to quash is granted in part and denied in part. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevance under Rule 26 "'is an extremely broad concept.'" *Joseph* v. *Gnutti Carlo S.p.A.*, No. 15 Civ. 8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (quoting *Chen-Oster* v. *Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). That said, "[d]iscovery may be curtailed where the information sought would be 'unreasonably cumulative or duplicative' or when 'the burden or expense of the proposed discovery outweighs its likely benefit.'" *Blagman* v. *Apple, Inc.*, No. 12 Civ. 5453 (ALC) (JCF), 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) (quoting Fed. R. Civ. P. 26(b)(2)(C)).

The Court agrees with Defendants that there are issues left unresolved by the Court's prior opinions in this case, especially with respect to Plaintiffs' unjust enrichment and promissory estoppel claims, and thus topics one through eight are arguably relevant under Rule 26's broad standard. However, the Court finds that topics two and eight are highly likely to include documents that are protected from disclosure by the attorney-client privilege and/or work-product privilege. Therefore, and in consideration of the breadth of the other

topics, the motion to quash is granted as to topics two and eight. Furthermore, the Court finds that topic nine is unduly broad and is therefore not proportional to either the needs of the case, or to the minimal relevance *vel non* of any responsive documents to the remaining disputed issues in this case. Accordingly, the motion to quash is also granted as to topic nine.

In sum, Plaintiffs' motion to quash Defendants' third-party subpoenas (Dkt. #199), is granted with respect to topics two, eight, and nine, but is otherwise denied (*see* Dkt. #204, Ex. 1-8). Additionally, as discussed above, the Court adopts Plaintiffs' proposed deposition schedule. (*See* Dkt. #198).

SO ORDERED.

Dated:     February 9, 2021
           New York, New York

                                              _____
                                              KATHERINE POLK FAILLA
                                              United States District Judge